**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RENEWABLE ENERGY ALTERNATIVES, LLC, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:25-cv-00154 SEP |
| | ) | |
| NOVEL ENERGY SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is a Motion to Withdraw filed by R. Bradley Ziegler, Matthew J. Haas, Jissel Esparza Saucedo, and the law firm of Lewis Rice LLC, in which they seek to withdraw as counsel for Defendant Novel Energy Solutions, LLC, Doc. [36].  For the reasons set forth below, the motion is granted.

Counsel filed their motion on May 15, 2026.  The Court held a hearing on the motion on June 4, 2026, Doc. [39].  The Court stayed the litigation for 60 days to allow Defendant to retain substitute counsel, stating that the stay would be lifted and the Motion to Withdraw granted upon entry of new counsel or 60 days from the date of the Order, Doc. [39].  Because 60 days have passed and Defendant has not obtained substitute counsel despite adequate notice, the Court will grant defense counsel's motion to withdraw from representation in this case.

Limited liability companies are artificial entities that can act only through agents, cannot appear *pro se*, and must be represented by counsel.  *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.  As the courts have recognized, the rationale for that rule applies equally to all artificial entities.") (citing *Osborn v. President of Bank of United States,* 9 Wheat. 738, 829 (1824)).  An artificial entity, such as Defendant Novel Energy Solutions, LLC, is subject to entry of a default judgment if it fails to obtain counsel as required by the Court.  *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996) (corporate defendant was technically in default on date court allowed counsel to withdraw

because a corporation cannot proceed *pro se*); *United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, 2014 WL 3805493, at *1 (E.D. Mo. Aug. 1, 2014); *Top Sales, Inc. v. Designer Vans, Inc.*, No. CIV.A. 3:96-CV- 0721, 1997 WL 786254, at *2 (N.D. Tex. Dec. 11, 1997) (ordering defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it).  The Court therefore orders Plaintiff to file motions for Clerk's entry of default and, if appropriate, for default judgment, against Defendant Novel Energy Solutions, LLC, within 30 days of the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Withdraw filed by R. Bradley Ziegler, Matthew J. Haas, Jissel Esparza Saucedo, and the law firm of Lewis Rice LLC, Doc. [36], is **GRANTED**.  These attorneys may withdraw from representation Defendant in this matter.

**IT IS FURTHER ORDERED** that within 30 days of this Memorandum and Order, Plaintiff shall file a motion for Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a) and, if appropriate, for default judgment pursuant to Federal Rule of Civil Procedure 55(b), along with all necessary supporting documentation and a proposed order for the Court's consideration.

**IT IS FINALLY ORDERED** that the stay in this case is **LIFTED**.

Dated this 5th day of August, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE